**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **Edis Padilla,** *Plaintiff*, | X<br>X<br>X |
| v. | X<br>X |
| **Kirstjen Nielsen**, Secretary, Department of Homeland Security; **L. Francis Cissna**, Director, Citizenship and Immigration Services; **Katherine Baranowski**, District Director, Citizenship and Immigration Services, Tampa, Florida; **Patricia Kemling**, Tampa Field Office Director, Citizenship and Immigration Services, Tampa, Florida, *Defendants*. | X   Case No.<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X |

**COMPLAINT SEEKING REVIEW OF FINAL AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT AND ALTERNATIVE REQUEST FOR ISSUANCE OF WRIT OF MANDAMUS**

To the Honorable Judge of Said Court:

**I. INTRODUCTION**

Plaintiff brings this action to request this Court to exercise its authority to review a Form I-601, Application for Waiver of Grounds of Inadmissibility ("Form I-601"), and a Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485"), filed on or about July 25, 2017 and before U.S. Citizenship and Immigration Service ("USCIS"). Both applications were denied by the agency on or about March 27, 2018. Were the agency to vacate its decision and reopen the administrative proceedings, Plaintiff would request that this Court compel Defendants to adjudicate these applications within a reasonable period thereafter.

## II. PARTIES

1. That the Plaintiff, **Edis Padilla** (A 094-263-597), is a native and citizen of Honduras.

2. That the Defendant, **Kirstjen Nielsen**, is the Secretary of the Department of Homeland Security. She is responsible for the administration and enforcement of the Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq*. Defendant Nielsen is being sued in her official capacity.

3. That the Defendant, **L. Francis Cissna**, is the Director of USCIS, an agency of the United States government involved in the acts challenged in this action. Defendant Cissna is being sued in his official capacity.

4. That the Defendant, **Katherine Baranowski**, is the Acting District Director for District Ten of USCIS. Defendant Baranowski is being sued in her official capacity.

5. That the Defendant, **Patricia Kemling**, is the Field Office Director of the USCIS field office in Tampa, Florida. Defendant Kemling is being sued in her official capacity.

## III. JURISDICTION

6. That jurisdiction is conferred by 5 U.S.C. §704. Plaintiff is aggrieved by adverse final agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq*.

7. That this is a civil action brought pursuant to 28 U.S.C. §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to

Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiff.

8. That the aid of the Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

9. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act.  5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq*.

### IV. VENUE

10. That venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C § 1391(e) because Plaintiff resides in Polk County, Florida, within the territorial limits of the Tampa Division.

### V.  REMEDY SOUGHT

11. That Plaintiff seeks to have this Court review Defendants' March 27, 2018 denial of Plaintiff's Form I-485 and Form I-601 in accordance with the Administrative Procedure Act ("APA").  5 U.S.C. § 706.  Were Defendants to vacate the agency's denial of Plaintiff's Form I-485 and Form I-601, Plaintiff seeks aid from the Court to compel Defendants to adjudicate said applications within a reasonable period thereafter.

### VI. CAUSE OF ACTION

12. That Plaintiff is a native and citizen of Honduras.

13. That Plaintiff is married to Irmenia Godoy ("Godoy"), a citizen of the United States ("USC").

14. That on or about July 25, 2017, Godoy filed a Form I-130, Petition for Alien Relative ("Form I-130"), with Defendants.  The Form I-130 sought to classify

Plaintiff as an "immediate relative" as set forth at 8 U.S.C. § 1151(b)(2)(A)(i). Plaintiff is an "immediate relative" because he is the spouse of a USC.

15. That the aforementioned Form I-130 was issued receipt number MSC 17-916-07917. Plaintiff notes that this Form I-130 was approved and is **NOT** the subject of this complaint.

16. That concomitantly with the submission of the aforementioned Form I-130, Plaintiff filed for "adjustment of status" by submitting a Form I-485 with Defendants along with a Form I-601 seeking to waive certain grounds of inadmissibility[1].

17. That the Form I-485 was issued receipt number MSC 17-916-07916.

18. That the Form I-601 was issued receipt number MSC 17-916-07920.

19. That Plaintiff was scheduled to appear for an interview before the USCIS Tampa Field Office on December 29, 2017.

20. That Plaintiff appeared for the above-mentioned interview.

21. That on or about March 27, 2018, Defendants issued written Decisions denying both the Form I-601 and Form I-485.

22. That Defendants denied Plaintiff's Form I-485 on grounds that Plaintiff's Form I-601 had been denied.

23. That Defendants denied Plaintiff's Form I-601 based on a finding that Plaintiff was unable to establish that Godoy would suffer an "extreme hardship" if Plaintiff's request was denied.

---

[1] Plaintiff's Form I-601 sought the waiver of inadmissibility set forth at 8 U.S.C. §1182(h)(1)(B). This waiver was required because Plaintiff is inadmissible to the United States pursuant to 8 U.S.C. §1182(a)(2)(A)(i)(I).

24. That pursuant to the USCIS Policy Manual ("Manual"), an applicant filing a Form I-601 is required to show by a "preponderance of the evidence," or rather, that it is "more likely than not," that he is statutorily eligible for the waiver he seeks and that one or more of his qualifying relatives will suffer an "extreme hardship." *See* Manual, Vol. 9, Part B, Chap. 3, § A.

25. That there are specific steps an Immigration Service Officer ("ISO") must take when adjudicating a Form I-601. Per the Manual, an ISO must (1) confirm that the waiver requires a showing of "extreme hardship," (2) identify the qualifying relatives and confirm that the relationship has been established, (3) determine whether any of the qualifying relatives would suffer an "extreme hardship" if the applicant were removed from the United States, (4) if a single factor would not qualify as "extreme hardship" the ISO must determine if the totality of the circumstances would create an "extreme hardship," and finally (5) grant or deny the application. *See* Manual, Vol. 9, Part B, Chap. 3, § B.

26. That the factors discussed above must be considered cumulatively when making a determination of "extreme hardship" to a qualifying relative. *See* Manual, Vo. 9, Part B, Chap. 5, § C.

27. That examples of factors that may support a finding of "extreme hardship" included, but are not limited to: (1) Family ties and impact; (2) Social and cultural impact; (3) Economic impact; (4) Health conditions and care; and (5) Country conditions. *See* Manual, Vol. 9, Part B, Chap. 5, § D.

28. That Plaintiff has four "qualifying relatives," his USC spouse and his three USC children (15, 10 & 8).

29. That amongst other evidence, Plaintiff submitted documentation that his USC spouse suffers from medical ailments that at times leave her unable to work and unable to take care of their three children on her own. Plaintiff documented that he is the family's primary breadwinner and that his spouse and children would encounter financial hardships in his absence. This factor is of concern because Plaintiff's wife is at times unable to work due to her medical conditions. Plaintiff submitted evidence regarding country conditions in his native Honduras and the danger his family would encounter if he were returned to Honduras and his family had no alternative but to join him.

30. That rather than considering the different hardships that Plaintiff's family would endure were his application denied, the agency focused only on the medical difficulties that his spouse would suffer.

31. That the agency's decision fails to discuss any hardship that Plaintiff's children would endure if his waiver application were denied.

32. That the agency's decision fails to discuss the financial hardship Plaintiff's family would endure if his waiver application were denied.

33. That the agency's decision fails to discuss the country condition reports relating to Honduras and how these conditions might create hardship to Plaintiff's family if his application were denied.

34. That the agency's decision analyzed Plaintiff's Form I-601 in a manner contrary to that described in the Manual.

35. That the agency requires an ISO to consider the "totality of the circumstances" when determining whether qualifying relatives will suffer an "extreme hardship." *See* Manual, Vol 9, Part B, Chap. 5, § A.  If the "extreme hardship" threshold has been met, the ISO must then determine if the applicant established the requisite hardship by a "preponderance of the evidence." *See* Manual, Vol. 9, Part B, Chap. 3, § A.

36. That Defendants' March 27, 2018 denial of Plaintiff's Form I-601 and Form I-485 represents "final agency action" within the meaning of § 702 of the APA.  5 U.S.C. § 702.

37. That Plaintiff has suffered a "legal wrong" within the meaning of APA § 704. 5 U.S.C. § 702.  Defendants have failed to follow the applicable statutory provisions, regulations and policy guidance with regards to whether Plaintiff's family would suffer "extreme hardship" if his waiver application were denied.

38. That Plaintiff seeks the aid of this Court in reviewing "final agency action" pursuant to the APA and as discussed herein.

39. That there is no other reasonable remedy at law which will result in a timely resolution of the issues described above.  Plaintiff's cause of action arises from administrative action wrongfully denied pursuant to the APA and Plaintiff seeks judicial review of the same pursuant to 5 U.S.C. §706(2).

40. That were the agency inclined to vacate its March 27, 2018 decision denying Plaintiff's Form I-601 and Form I-485, Plaintiff invokes the aid of the Mandamus Act and the APA in compelling Defendants to adjudicate Plaintiff's applications consistent with applicable statutory provisions,

regulations and policy guidance. Further, Plaintiff would request that the agency be required to adjudicate the reopened Form I-601 and Form I-485 in a time deemed "reasonable" based on the initial receipt of Plaintiff's applications by Defendants on July 25, 2017.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action ;

2. Conduct such hearings and examinations of Plaintiff necessary to determine that the relief requested by Plaintiff is warranted as a matter of law ;

3. Declare Defendants' actions with regards to the Form I-601 and Form I-485 to be arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(2).

4. Were the agency to vacate its decision, Plaintiff would ask the Court to issue a preliminary and permanent injunction pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1) compelling Defendants to adjudicate Plaintiff's Form I-601 and Form I-485 within a reasonable period of time ;

5. Were the agency to vacate its decision, Plaintiff would ask the Court to issue a writ in the nature of mandamus, pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1) compelling Defendants to adjudicate Plaintiff's Form I-601 and Form I-485 within a reasonable period of time ;

6. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412 ;

7. Grant such other relief as this Court may deem just and proper.

                                              Respectfully submitted,

                                              /s/  David Stoller  /s/
                                              David Stoller, Esquire
                                              Attorney for Plaintiff
                                              Florida Bar #92797
                                              4445 S. Conway Rd.
                                              Orlando, Florida 32812
                                              Phone: (407) 999-0088
                                              Fax: (407) 382-9916
                                              Email: david.stoller@davidstollerlaw.com

# Table of Contents

## Documents in Support of Complaint

## Edis Padilla v. Kirstjen Nielsen, et al.

Exhibit 1 :   Form I-797C, Notice of Action, filing receipt and approval notice for Form I-130 (MSC 17-916-07917);

Exhibit 2 :   Form I-797C, Notice of Action, filing receipt for Form I-485 (MSC 17-916-07916);

Exhibit 3 :   Form I-797C, Notice of Action, filing receipt for Form I-601 (MSC 17-916-07920);

Exhibit 4 :   Notice of Interview at the USCIS Tampa Field Office (December 19, 2017);

Exhibit 5 :   Decision denying Form I-485, Application to Register Permanent Residence or Adjust Status (March 27, 2018);

Exhibit 6 :   Decision denying Form I-601, Application for Waiver of Grounds of Inadmissibility (March 27, 2018).